IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| Plaintiff | * | |
| v. | * | Criminal No: 8:13-149 CBD |
| KIRK YAMATANI | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF
DEFENDANT'S EMERGENCY MOTION FOR REVIEW OF
<u>DETENTION ORDER</u>**

Defendant Kirk Yamatani, by and through his counsel, Steven H. Levin, hereby files this Memorandum in Support of Defendant's Emergency Motion for Review of Detention Order and moves this Honorable Court, pursuant to 18 U.S.C.A. 3143(a) and 3145(c), for a new hearing because the Magistrate Judge failed to make any findings with respect to whether Mr. Yamatani posed a danger to the safety of any other person or the community or whether he was a flight risk if released.

**I.     BACKGROUND**

On or about March 29, 2013, a criminal information was filed charging Mr. Yamatani with a misdemeanor.  Specifically, Mr. Yamatani was charged with submitting a false official writing, in violation of Title 18 USC Section 1018.

On April 30, 2013, Mr. Yamatani had an initial appearance and arraignment.  At that time, he entered a plea of guilty to the criminal information before Magistrate Judge Charles Day.  After pleading guilty, Mr. Yamatani was released, subject to the standard conditions of release.  He was also permitted to retain his passport.

On June 19, 2013, at Mr. Yamatani's sentencing hearing, the Government recommended, consistent with the terms of the plea agreement, a two-year period of probation, to include a six-month period of home detention.  Likewise, the probation officer recommended probation and home detention.  Undersigned counsel recommended probation with no period of home detention.

Contrary to those recommendations, the Court sentenced Mr. Yamatani to, among other things, a period of imprisonment for 8 months and directed the US Marshals Service to place Mr. Yamatani in immediate custody.  The Court made no findings with respect to danger or risk of flight, though counsel requested that Mr. Yamatani be permitted to self-surrender.

**II.     LEGAL STANDARD**

Detention of a federal defendant prior to execution of sentence is controlled by the Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq*.  Pursuant to 18 U.S.C. § 3143(a), a defendant shall be detained pending execution of sentence unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).  Section 3145(c) provides for an appeal to the district court of a detention order issued by the magistrate court.  The appeal shall be determined promptly.

A federal sentence does not commence until the Attorney General receives the defendant into his "custody" for service of that sentence. *See* 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody...."); *United States v. Pungitore,* 910 F.2d 1084, 1119 (3d Cir.1990) ("a federal sentence does not begin to run until the defendant is delivered to the place where the sentence is to be served").  See *United States v. Evans*, 159 F.3d 908 (4th Cir. 1998).

### III.    DISCUSSION

In response to counsel's arguments to obtain Mr. Yamatani's release, the Court announced that though the request was a reasonable one, it was denied.[1]  Mr. Yamatani's sentence has not yet been executed; thus, he is entitled to findings with respect to whether he poses a danger to the community or a risk of flight.  Assuming *arguendo* that the sentence has now been executed, even though Mr. Yamatani has not yet been designated to the Bureau of Prisons, the court improperly detained Mr. Yamatani; thus, his due process rights under Title 18 USC 3143(a) were denied and his is entitled to proper findings.

### IV.    CONCLUSION

Mr. Yamatani pled guilty to a misdemeanor, with the expectation that he would be sentenced to a period of probation.  Without notice, the Court imposed a sentence of imprisonment for 8 months.   By placing him in immediate custody, Mr. Yamatani had no time to speak with his two young children (ages 7 and 8) and prepare them for his absence.  He had no time to make financial arrangements during his absence and will now likely lose his home.  Likewise, the US Marshals Service had no time to make preparations to ensure the safety of Mr. Yamatani, who is a former law enforcement officer.

Given Mr. Yamatani's prior conduct consistent with the terms and conditions of his pretrial release, as well as the facts of this case, which involved submitting false vouchers to the US government resulting in a loss of approximately $14,000, the

---

[1] As the transcript is not yet available, counsel is relying on his memory.  Counsel recalls the Court indicating, in support of its order of detention, that the day of reckoning had arrived for Mr. Yamatani.  The execution of his sentence, however, had not.

evidence establishes that Mr. Yamatani poses neither a risk of flight nor a danger to the community. Furthermore, given the harm that Mr. Yamatani's continued detention will cause, undersigned counsel respectfully requests that Defendant's Emergency Motion, filed Wednesday, June 19, 2013, be heard immediately and that Mr. Yamatani's request for release be granted. Alternatively, in the interest of expediting a matter that has been pending since June 19, 2013, undersigned counsel requests that Mr. Yamatani's release be ordered without oral argument.

Respectfully submitted,

_____/s/_____
Steven H. Levin (Fed Bar #28750)
Levin & Curlett LLC
250 West Pratt Street
Suite 1300
Baltimore MD 21201
Phone: (410) 685-4444

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been served, by Electronic Notification, on this 20th day of June 2013, on the following: United States Attorney's Office, Greenbelt, MD.

                                                                    __/s/_____
                                                                    Steven H. Levin
                                                                    *Attorney for the Defendant*

,

June 20, 2013                                               _____/s/_____
Date                                                                   Steven H. Levin
                                                                           Levin & Curlett LLC
                                                                           250 West Pratt Street
                                                                           Suite 1300
                                                                           Baltimore MD 21201

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served, by electronic mail, on this 20th day of June 2013, on all parties to the case.

                                                              __/s/_____
                                                              Steven H. Levin
                                                              Attorney for the Defendant